EDWARD H. ANGIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25958.   Promulgated October 25, 1929.

*George T. Weitzel, Esq.*, for the petitioner.
*Harold Allen, Esq.*, and *W. R. Lansford, Esq.*, for the respondent.

1082

OPINION.

MARQUETTE: The question here is one of fact, namely, whether the experiments carried on and the expenditures made, as set forth in the findings of fact, were the personal business and expenditures of the petitioner, or the business and expenditures of the Van de

Carr Paper Co. The petitioner contends that the business of experimenting and inventing was his individual business and not that of the corporation, and that he used the company's plant as a laboratory for his own business and cleared his expenses through the company's books and that the cost of the experiments which resulted in a total failure in 1922 constituted a loss to him which he is entitled to deduct in that year. The respondent takes the position that the expenditures were made on behalf of the corporation.

The record shows that the petitioner was in 1922, and had been for many years, actively interested in and closely connected with the business of manufacturing paper and articles therefrom. He was a stockholder and officer in several companies engaged in manufacturing paper and paper products and he had also for many years been engaged in inventing devices and machines and developing secret processes for manufacturing various products from paper. In 1922 he engaged in a series of experiments for the purpose of trying to invent a machine to wrap automobile tires and other annular objects with crinkled or crêpe paper. At that time he was the owner of all of the capital stock of the Van de Carr Paper Co., which was inactive. He therefore used the plant of that company as a laboratory in which to carry on his experiments and he cleared his expenses in connection with these experiments through the company's books. The money necessary to carry on the experiments was furnished by him.

The evidence satisfies us that the activities in question were carried on by the petitioner in his individual capacity, and that the loss resulting therefrom was his personal loss. That it was his personal loss and that he is entitled to deduct the amount thereof in computing his net income are not changed or lessened by the fact that for convenience he used the corporation's plant and its offices.

*Judgment will be entered under Rule 50.*